IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTY M. CADDELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 04-2403-KHV** |
| **CITIMORTGAGE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Christy M. Caddell filed suit against her residential mortgage lender CitiMortgage, Inc. Plaintiff asserts claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and state law claims for accord and satisfaction, breach of contract, breach of fiduciary duty, conversion, negligence and fraud. On February 14, 2006, the Court granted summary judgment in favor of CitiMortgage on plaintiff's claim under the TILA. See Memorandum And Order (Doc. #120). The Court also ordered plaintiff to show cause in writing why it should not dismiss her remaining state law claims for lack of diversity jurisdiction based on the pretrial order's failure to allege (1) diversity of citizenship and (2) in good faith, damages in excess of $75,000. This matter is before the Court on Plaintiff's Response To Court's Order To Show Cause Why Her State Law Claims Should Not Be Dismissed For Lack Of Diversity Jurisdiction (Doc. #121) filed February 16, 2006. For reasons stated below, the Court dismisses plaintiff's remaining state law claims for lack of diversity jurisdiction.[1]

---

[1] As noted in the Court's Memorandum And Order (Doc. #120), the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

Plaintiff concedes that the pretrial order does not allege diversity of citizenship and that she knows of no reason why the Court should not dismiss her remaining state law claims for lack of jurisdiction. Defendant agrees that the case should be dismissed for lack of jurisdiction. For these reasons and the reasons stated in the Court's Memorandum And Order (Doc. #120), the Court finds that it lacks subject matter jurisdiction over plaintiff's remaining state law claims.

As to plaintiff's good faith allegation of the amount in dispute, plaintiff argues that the Court erroneously found that the extent of the parties' bona fide dispute as of September 20, 2004 "was limited to the difference between the principal amount which defendant said plaintiff owed (roughly $120,000) and the principal amount which plaintiff said she owed (roughly $118,000)." See Memorandum And Order (Doc. #120) at 19. Plaintiff maintains that at the time she sent the $200 check for "accord and satisfaction," defendant said she owed $149,563.93, which was $31,000 more than what she thought she owed. Plaintiff, however, has grossly inflated the amount which defendant said she owed. First, plaintiff has stated elsewhere in the record that based on the original loan balance of $167,198.00, she will end up paying approximately $7,578.57 more, over the life of the note, if she makes no more extra payments. This is significantly less than the $31,000 difference which she now claims had accumulated in September of 2004. See Plaintiff's Depo. at 21. Second, as evidence of her claim that defendant said she owed $149,563.93, plaintiff refers to her mortgage statement dated *September 2, 2004*. Plaintiff ignores the fact that she paid some $19,000 between September 2 and September 18, the date of her accord and satisfaction check. Accordingly, at the time plaintiff sent her accord and satisfaction check, the amount which defendant said plaintiff owed was closer to $130,000. The Court's statement that "defendant said plaintiff owed (roughly $120,000)" should have read that "defendant said plaintiff owed (roughly

2

$130,000)." The error is immaterial, however, because the difference between plaintiff's estimate and defendant's estimate is still relatively small compared to the total amount of the loan. Plaintiff concedes that her estimate that she owed $118,000 was a guess as of the date of her deposition on August 11, 2005. See id. at 20-21. At the time of her deposition, plaintiff stated that Citibank said she owed $127,000, a difference of some $9,000. See id. at 21. Finally, according to plaintiff's complaint, as of September 2, 2004, plaintiff thought that the principal balance was $146,525.59, a difference of some $3,000 from what Citibank said she owed as of that date. Compare Exhibit E to Complaint (Doc. #1) (plaintiff's calculation of correct amortization without future prepayments) with Exhibit 1 to Plaintiff's Response To Court's Order To Show Cause Why Her State Law Claims Should Not Be Dismissed For Lack Of Diversity Jurisdiction (Doc. #121) (Citibank statement dated September 2, 2005). Based on the Court's preliminary calculations, using the accounting method the Court understands plaintiff claims that CitiMortgage should have used, the difference in fact appears to be approximately $100. In any event, the difference is not $31,000, as plaintiff's response to the show cause order claims.

Plaintiff also claims that she is entitled to $65,505.77, "the amount of additional money required to bring the second note to maturity with the interest overcharges embedded into it." Plaintiff's Response (Doc. #121). Based on the small amount in the actual difference between what plaintiff says she owes and what Citibank says she owes (less than $10,000), the $65,505.77 amount would be reduced significantly. In addition, this amount represents payments in the last few years of the loan (around 2020) so the present value of that amount would be much smaller.

Finally, plaintiff claims that the amount of the refinanced loan was inflated by some $11,000. See Plaintiff's Depo. at 20. Even when added to the amount of the interest overcharges (less than $10,000)

3

and the present value of future overcharges, plaintiff's claims are well below the threshold for diversity jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's state law claims for accord and satisfaction, conversion, breach of contract, breach of fiduciary duty, negligence and fraud are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Dated this 17th day of February, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court