**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CHRISTY M. CADDELL,

        Plaintiff,

v.                        No. 04-2403-KHV-DJW

CITIBANK, DELAWARE,
d/b/a Citibank Mortgage, Inc.,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Retax Costs (doc. 128). For the reasons stated below, Plaintiff's Motion will be denied.

## Procedural Background

On April 14, 2006, Defendant filed a proposed Bill of Costs (doc. 126) requesting costs be assessed against Plaintiff in the amount of $2,050.51. On June 22, 2006 (doc. 127), the Clerk of the Court taxed costs against Plaintiff in the amount of $1,894.67. Plaintiff now moves the Court to retax these costs, or in the alternative vacate the tax altogether, on grounds that

(1)    It was not necessary to videotape the deposition of the Plaintiff;

(2)    It was not necessary to make juror notebooks in that Plaintiff's attorney advised Defendant's attorney prior to the time the jury notebooks were due that Plaintiff had no objection to the court's dismissal of remaining claims without prejudice;

(3)    The tabs and juror notebooks can be used for a different case; and

(4)    The issues of the case are still being litigated: after the court dismissed Plaintiff's state law claims without prejudice for lack of diversity jurisdiction, Plaintiff filed suit against the Defendant in Johnson County, Kansas, after which Defendant removed the case to this Court (Case No. 06-2200-JWL). Based on the pending litigation, Plaintiff believes the trial judge in the pending case should assess costs later.

## Discussion

Taxation of costs is authorized by Fed.R.Civ.P. 54(d) and governed by 28 U.S.C. § 1920 (1994). The clerk taxes the costs.[1] The Court reviews de novo the clerk's assessment of costs.[2] Under Fed. R. Civ. P. 54(d)(1), costs shall be allowed as of course to the prevailing party unless the district court otherwise directs.[3] Thus, Rule 54 creates a presumption that the prevailing party will receive costs[4] and it is reversible error to deny costs without stating specific reasons for doing so.[5]

**A.     Timeliness**

Fed. R. Civ. P. 54(d)(1) states that costs other than attorney's fees imposed by the court to the prevailing party "may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." The Tenth Circuit has construed the language of Rule 54(d)(1) to hold that "a party's failure to file a motion for review of costs with the district court within the five-day period constitutes a waiver of the right to challenge the award."[6]

Here, the Clerk of the Court taxed the costs associated with this case on June 22, 2006. Plaintiff then had five days, until June 27, 2006, to file her motion to retax costs. Plaintiff filed her

---

[1] Fed.R.Civ.P. 54(d)(1).

[2] *Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997).

[3] Fed. R. Civ. P. 54(d)(1).

[4] *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980).

[5] *Id* at 1168; *See also Cantrell v. International Bhd. of Elec. Workers, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995) ("Rule 54 and those cases interpreting it limit a district court's discretion in two ways. First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party.  * * *  The second restraint on a district court's discretion is that it must provide a valid reason for not awarding costs to a prevailing party.").

[6] *See Smith v. Barber*, Case No. 01-2179-CM, 2005 WL 2122347, *1 (D. Kan. July 19, 2005) (quoting *Bloomer v. UPS*, 337 F.3d 1220, 1221 (10th Cir. 2003)).

motion to retax costs on July 3, 2006, which is eleven days after the clerk taxed the costs. Although this alone is sufficient reason to deny the request, the Court will consider the substantive issues raised by Plaintiff in her motion.[7]

**B.     The Videotaped Deposition of Plaintiff**

Defendant seeks reimbursement for the cost of taking Plaintiff's deposition, which was used in support of Defendant's successful Motion for Summary Judgment. Defendant maintains the deposition was necessary to support Defendant's Motion for Summary Judgment and that the videotaping of the deposition was necessary in order to show her testimony at trial. The Court agrees.

Both the Tenth Circuit Court of Appeals and the District of Kansas have held that videotaped depositions are not excluded under 28 U.S.C. § 1920, and that the district court may award the expense of videotaping as costs.[8] The fact that the trial in this matter did not go forward because Defendant was successful at the summary judgment stage is not relevant to the issue of costs. Thus, the Court finds Defendant is entitled to both the costs of the stenographer and the costs for videotaping the deposition.[9]

**C.     The Costs of Preparing Trial Exhibits**

---

[7]*See id.* at *2 (citing *Phalp v. City of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 31778781, at *1 (D. Kan. Nov. 21, 2002) (holding that the district court has discretion to allow untimely objections to a Bill of Costs).

[8]*See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997) ("We agree with the district court that the costs associated with videotaping a deposition are taxable under section 1920(2)"); *Weseloh-Hurtig v. Hepker*, 152 F.R.D. 198 (D. Kan. 1993) (finding "that it is appropriate in this case to tax the costs of both the videotaping and the stenographic transcription of the three depositions against the defendant.")

[9]*See Tilton*, 115 F.3d at 1477 ("[W]e recognize that permitting recovery of the costs of video depositions comports with public policy.")

Defendant seeks reimbursement for materials purchased to compile, and copies made of, exhibits to be used at trial. Plaintiff makes two alternative arguments in opposition to this request. First, Plaintiff argues that these costs were unnecessary because "Plaintiff's attorney advised Defendant's attorney prior to the time the jury notebooks were due that Plaintiff had no objection to the court's dismissal without prejudice due to lack of diversity jurisdiction" and thus Defendant can use the materials for a different case. Alternatively, Plaintiff argues that if she is required to reimburse Defendant for these materials, she is entitled to take possession of the actual materials purchased. The Court is not persuaded by either of these arguments.

Trial in this case on both the Truth in Lending Act (TILA) claim and Plaintiff's state law claims was scheduled for February 21, 2006. The Court sustained Defendant's Motion for Summary Judgment with regard to Plaintiff's TILA claim on February 14, 2006 and ordered Plaintiff to show cause on or before February 16, 2006 why the Court should not dismiss her remaining state law claims for lack of diversity jurisdiction. This was the same day that the parties were due to exchange exhibits. Defendant maintains, and the Court has no reason to dispute, that when the show cause order was entered on February 14, 2006, Defendant already had prepared its exhibit list and notebooks as per the Court's Pretrial Order. Thus, the Court finds Defendant is entitled to reimbursement for making copies for exhibits to be used at trial.

The Court finds Plaintiff's second argument, that the "tabs and notebooks ordered for the juror notebooks can be used for a different case," is an argument without legal merit or authority. It is well-established that costs for the referenced materials are properly taxed in favor of the

4

prevailing party when they are justified and not excessive.[10]

**D.     Prevailing Party**

Plaintiff argues that costs should not be assessed yet because "the issues of the case are still being litigated." The Court finds this argument without merit. This Court granted summary judgment on Plaintiff's claims under the Truth in Lending Act ("TILA"). Plaintiff did not appeal the decision and instead filed her remaining state law claims in state court. Defendant asserts, and Plaintiff does not dispute, that some of the issues in her new case are identical to her previous claims and some are completely unrelated to her previous claims. The Court finds that even if some of the issues are similar (or even identical), this fact does not preclude Defendant from collecting costs as the prevailing party in the this litigation.[11]

For these reasons, the Court hereby denies Plaintiff's Motion to Retax Costs and affirms the Clerk of the Court's taxation of costs in favor of Defendant for $1,894.67.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 10th day of August, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

---

[10]*See Albertson v. IBP Inc.*, Case No. 96-2110-KHV, 1997 WL 613301, *3 (D. Kan. Oct. 1, 1997).

[11]*See Sharon v. Yellow Freight Sys.*, 985 F. Supp. 1274, 1275-76 (D. Kan. 1997) (The general rule is that "a party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims.")